| | |
|---|---|
| JEAN-PAUL P. CART (SBN 267516) jcart@schiffhardin.com SCHIFF HARDIN LLP 4 Embarcadero Center, Suite 1350 San Francisco, California 94111 Telephone: 415-901-8700 Facsimile: 415-901-8791 | JOHN J. SHAEFFER (SBN 138331) JShaeffer@FoxRothschild.com FOX ROTHSCHILD LLP Constellation Place 10250 Constellation Blvd., Suite 900 Los Angeles, CA 90067 Telephone: 310) 598-4150 Facsimile: (310) 556-9828 |
| JACK R. BIERIG (IL SBN 0207039) (*PHV*) jbierig@schiffhardin.com SCHIFF HARDIN LLP 233 South Wacker Drive Suite 7100 Chicago, Illinois 60606 Telephone: 312-258-5500 Facsimile: 312-258-5600 | NATALMA M. MCKNEW (*PHV*) TMcknew@FoxRothschild.com FOX ROTHSCHILD LLP 2 West Washington Street, Suite 1100 Greenville, SC 29601 Telephone: (864) 751-7600 Facsimile: (864) 751-7800 |
| Attorneys for Defendants ABMS and ABEM | MAUREEN DEMAREST MURRAY (*PHV*) MMurray@Foxrothschild.com FOX ROTHSCHILD LLP 300 N. Greene Street, Suite 1400 Greensboro, NC 27401 Telephone: (336) 378-5200 Facsimile: (336) 378-5400 |
| | Attorneys for Defendant ABA |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MANNIS, M.D., TONIANNE FRENCH, M.D., and LOUIS LIM, M.D., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN BOARD OF MEDICAL SPECIALTIES, AMERICAN BOARD OF ANESTHESIOLOGY, and AMERICAN BOARD OF EMERGENCY MEDICINE,<br><br>Defendants. | Case No. 3:19-cv-00341-L-RBB<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' NOTICE OF MOTION AND JOINT MOTION TO DISMISS OR TO TRANSFER**<br><br>Hearing Date: June 24, 2019 (See DE 36)<br><br>Complaint Filed: February 19, 2019 District Judge: Hon. M. James Lorenz Magistrate Judge: Hon. Ruben B. Brooks<br><br>Trial Date: None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, on June 24, 2019, or another date thereafter assigned by the Court (*see* DE 36), before the Honorable M. James Lorenz, defendants American Board of Medical Specialties ("ABMS"), American Board of Emergency Medicine ("ABEM"), and American Board of Anesthesiology ("ABA") will present their motion to transfer this case to the United States District Court for the Northern District of Illinois or to dismiss the Complaint in this case. There will be no oral argument on this motion unless requested by the Court.

This motion is based on this notice of motion, the memorandum of points and authorities, and the declarations of John D. Mandelbaum, Earl J. Reisdorff, M.D., and Daniel J. Cole, M.D. filed concurrently herewith and all exhibits accompanying the memorandum and the declarations, the Proposed Order separately submitted, the pleadings and records on file with this Court, and such evidence and argument as may be presented at the hearing on this motion.

As set forth in the accompanying memorandum of points and authorities, venue in this Court is improper because none of ABMS, ABEM, or ABA resides or transacts business in California, and the activities giving rise to this suit did not occur here – and this case should, therefore, either be dismissed or transferred to the Northern District of Illinois pursuant to 28 U.S.C. §1406. But even if venue were proper, this case should be transferred to the Northern District of Illinois pursuant to 28 U.S.C. §1404 for the convenience of parties and witnesses and in the interests of justice.

The Complaint should also be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a cause of action. Plaintiffs have not alleged, and cannot fairly allege, that the challenged Maintenance of Certification ("MOC") programs impose any restraint of trade. All that these programs do is provide a mechanism by which member Boards of ABMS determine whether physicians who wish to maintain their certification by these

Boards merit continuing certification. There can be no restraint of trade because MOC imposes no restraint whatsoever.

Plaintiffs have also not adequately alleged an unlawful tying arrangement because they have not alleged facts that would support a conclusion that MOC involves two separate products or that ABMS member Boards have market power. Plaintiffs' allegations that defendants have high market shares are insufficient to allege market power, and the conclusory allegation that defendants have market power is contradicted by plaintiffs' own allegations that defendants face competition from NBPAS and its associated certifying Boards. And the fact that there is no restraint means that there can be no foreclosure of a substantial amount of commerce.

Likewise, plaintiffs' claim of monopolization fails because plaintiffs have not adequately alleged market power or any unfair practices by defendants. In addition, plaintiffs' allegations that MOC costs too much do not constitute an alleged antitrust injury – as required by both federal and state antitrust law. Plaintiffs have not alleged facts to support their claims under the Cartwright Act, Cal. Bus. & Prof. Code §16700 *et seq.*, or the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.* Likewise, plaintiffs have alleged no facts that would support a claim of unjust enrichment.

The Complaint against ABMS should also be dismissed because ABMS does not operate a certification program, and no plaintiff was injured by virtue of the conduct of ABMS. Finally, the Complaint against ABEM should be dismissed because the two plaintiffs who are challenging the MOC program of ABEM have agreed to resolve their disputes with ABEM by arbitration rather than by litigation.

Dated: April 25, 2019          Respectfully submitted,

/s/ Jean-Paul P. Cart

JEAN-PAUL P. CART (SBN 267516)
JACK R. BIERIG (PHV)
SCHIFF HARDIN LLP

*Attorneys for Defendants American Board of Medical Specialties and American Board of Emergency Medicine*

Dated: April 25, 2019          /s/ Natalma M. McKnew

JOHN J. SHAEFFER (SBN 138331)
NATALMA M. MCKNEW (PHV)
MAUREEN DEMAREST MURRAY (PHV)
FOX ROTHSCHILD LLP

*Attorneys for Defendant American Board of Anesthesiologists*

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Natalma M. McKnew, counsel for Defendant American Board of Anesthesiology, and that I have obtained Ms. McKnew's authorization to affix her electronic signature to this document.

Dated: April 25, 2019          By: /s/ Jean-Paul P. Cart
                                    Jean-Paul P. Cart